UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JON JASON KING,<br><br>                          Plaintiff,<br><br>  vs.<br><br>AIRWAY HEIGHTS CORRECTIONS CENTER, DEPARTMENT OF CORRECTIONS, INTERNAL INVESTIGATIONS STAFF and GRIEVANCE FACILITY STAFF/COORDINATOR,<br><br>                          Defendants. | NO:  13-CV-5129-JPH<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION AND DISMISSING FIRST AMENDED COMPLAINT<br><br>**1915(g)** |

    Magistrate Judge Hutton issued a Report and Recommendation to Dismiss the First Amended Complaint with prejudice for failure to state a claim upon which relief may be granted on March 7, 2014, ECF No. 12.  Plaintiff, a prisoner at the Coyote Ridge Corrections Center, is proceeding *pro se* and *in forma pauperis;* Defendants have not been served.  In lieu of Objections Plaintiff filed what he titles, "Second Amended Information," which he presented on a civil rights

ORDER ADOPTING REPORT AND RECOMMENDATION AND
DISMISSING FIRST AMENDED COMPLAINT -- 1

complaint form. In light of Mr. King's *pro se* status, the Court will liberally construe this document as his Objections, ECF No. 13.

Even construing this document as a Second Amended Complaint, it fails to cure the deficiencies of the preceding complaints. Plaintiff asserts that from mid-March to mid-June, 2011, he was placed in administrative segregation, while allegations of "Intimidating Staff/Threatening" were investigated. Plaintiff alleges that he was the only inmate subjected to 24 hour lighting, although he asserts no ill health effects. He also claims that he was "not given proper medical attention" for his knee surgery which had occurred on February 14, 2011.

Although Plaintiff complains that he was not given "needed physical therapy for [his] surgery," and his knee brace for recuperation was taken, he alleges no ill health effects. He does not state who denied him physical therapy or took the knee brace, knowing it was medically necessary equipment. Plaintiff fails to state from whom he sought and was denied needed medical attention.

A prisoner seeking to impose Eighth Amendment liability for deliberate indifference must demonstrate three elements: (1) a "serious medical need," such that "failure to treat [the] condition could result in further significant injury or the unnecessary and wanton infliction of pain," *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (internal quotation marks omitted); (2) Defendant was "aware of" that serious medical need, *see Farmer v. Brennan*, 511 U.S. 825, 837 (1994); and

(3) Defendant disregarded the risk that need posed, *see id.* at 846, such as by denying or delaying care, *see Snow v. McDaniel*, 681 F.3d 978, 986 (9th Cir. 2012); *Gibson v. Cnty. of Washoe*, 290 F.3d 1175, 1188 (9th Cir. 2002). As presented, Plaintiff alleges no facts from which an inference could be made that a person acting under color of state law (and named as a Defendant to this action), was deliberately indifferent to his serious medical needs.

Plaintiff's broad assertion that "no other inmate was treated the way I was treated," and his speculations, without any supporting factual allegations, that this was "due to [his] race and or sexual preference," is insufficient to state an equal protection claim. Apart from his own conclusions, Plaintiff fails to allege facts showing that he was intentionally treated differently from similarly situated inmates. *See Thornton v. City of St. Helens*, 425 F.3d 1158, 1166-67 (9th Cir. 2005).

Plaintiff asserts that he was "treated with indifference," but he does not state by whom or present facts to support this assertion. Broad allegations against "staff" are insufficient to state a claim under 42 U.S.C. § 1983 upon which relief may be granted. To the extent Plaintiff complains that he was allowed to shower only every three days, rather than every two days, like "the other inmates," fails to show a constitutional deprivation. A mere showing of inequality does not

ORDER ADOPTING REPORT AND RECOMMENDATION AND
DISMISSING FIRST AMENDED COMPLAINT -- 3

establish an equal protection violation. *McQuery v. Blodgett*, 924 F.2d 829, 834-35 (9th Cir. 1991).

Plaintiff indicates that when all 15-20 inmates were "exonerated" of charges of "Intimidating Staff/Threatening," the other inmates were released from administrative segregation, but he was not. He claims an unidentified person on an unspecified date came to his "door" and allegedly stated, "You ready to confess? Well, ya [sic] can stay in here till you do!"

Although Plaintiff claims he was "kicked out" for his "race/sexual preference" he alleges no facts to support these conclusions. To the extent Plaintiff may be attempting to assert that he was "kicked out" in retaliation for "filing the appropriate paperwork on the indifferent treatment [he] was in fact subjected to," he has not alleged sufficient facts to state a retaliation claim.

Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) a state actor took some adverse action against an inmate; (2) the adverse action was imposed because of certain conduct; (3) the conduct giving rise to the adverse action is legally protected; (4) the adverse action chilled the inmate's speech; and (5) the adverse action did not reasonably advance a legitimate correctional goal. *See, e.g., Resnick v. Hayes*, 213 F.3d 443, 449 (9th Cir. 2000); *accord Watison v. Carter*, 668 F.3d 1108, 1114-15 (9th Cir. 2012); *Brodheim v. Cry*, 584 F.3d 1262, 1269 (9th Cir. 2009). Plaintiff fails to

ORDER ADOPTING REPORT AND RECOMMENDATION AND
DISMISSING FIRST AMENDED COMPLAINT -- 4

present any specific facts supporting a plausible claim that adverse action was taken against him because of his engagement in protected conduct.

For the reasons set forth above and by the Magistrate Judge, **IT IS ORDERED** the Report and Recommendation, ECF No. 12, is **ADOPTED in its entirety** and the First Amended Complaint, ECF No. 11, is **DISMISSED with prejudice** for failure to state a claim upon which relief may be granted under 28 U.S.C. §§ 1915(e)(2) and 1915A(b)(1).

Pursuant to 28 U.S.C. § 1915(g), enacted April 26, 1996, a prisoner who brings three or more civil actions or appeals which are dismissed as frivolous or for failure to state a claim will be precluded from bringing any other civil action or appeal *in forma pauperis* "unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).  <u>**Plaintiff is advised to read the new statutory provisions under 28 U.S.C. § 1915.  This dismissal of Plaintiff's complaint may count as one of the three dismissals allowed by 28 U.S.C. § 1915(g) and may adversely affect his ability to file future claims**</u>.

**IT IS SO ORDERED**.  The District Court Executive is directed to enter this Order, enter judgment, forward copies to Plaintiff at his last known address, and close the file.  The District Court Executive is further directed to forward a copy of this Order to the Office of the Attorney General of Washington, Criminal Justice

ORDER ADOPTING REPORT AND RECOMMENDATION AND
DISMISSING FIRST AMENDED COMPLAINT -- 5

1 | Division.  The Court certifies any appeal of this dismissal would not be taken in
2 | good faith.
3 |       **DATED** this 1st day of April 2014.

              *s/ Rosanna Malouf Peterson*
            ROSANNA MALOUF PETERSON
       Chief United States District Court Judge